Chancellor MaRshall
delivered the decree of the court.-
The objects of complainant’s bill are, to discover from the defendants oath, whether a parol agreement was not entered into between him and the complainant respecting the land in bill mentioned to the following effect: That the whole of what belonged to complainant (being 201 acres') should be sold ; that the defendant should purchase it, and pay 200i. for a moiety of it; that the sheriff should make titles to defendant for one moiety, and complainant' for the other moiety. That the defendant should also discover whether a copartnership was not entered into between them for the purpose of establishing a brick yard, and carrying on that business, the defendant accounting for the profits of itj or the work of the negroes on it; and that the defendant may discover whether the negroes of complainant sold by sheriff under execution were not purchased in by defendant in trust for complainant. The defendant in his answer denies the agreement as set forth, but says he agreed to purchase 201 acres, a moiety of complainant’s land, provided he could get good titles : that he was to pay and did pay 200/. for it; and it was agreed that on complainant’s repaying him one half of the purchase money, he should have half of the laud ; that he was always reády to comply with the terms ; but complainant never was. Defendant denies that titles were to be taken in his and complainant’s name; but when he received them from sheriff, he shewed them to complainant who made no objection to their being made to defendant. He denies that he is liable to account for the profits of the brick yard. He admits a copartnership was contemplated, but *147 denies that Askew complied with any of the stipulations agreed on. He is nevertheless willing to allow wages for the negroes of complainant whilst there ; and denies that the purchase of the negroes was made in trust; but avers they were sold under execution for complainant’s debts ; and defendant bought them for a valuable consideration, and has paid the money.
This case lies in a very narrow compass t the first question respecting the parol agreement is plain and clear; the defendant totally denies it as stated in the bill; and there is no written evidence to contra? diet his answer; it must therefore be taken to be true.— To admit parol proof of a parol agreement, in a case not tinctured with fraud, would introduce all the mischiefs and inconveniences which the statute of frauds intended to prevent : and would be in effect to repeal the statute which makes void all parol agreements concerning land; The parol testimony respecting the agreement must therefore be laid aside. The defendant’s answer denying the agreement, standing uncontradicted, the bill would be dismissed, were it not necessary to retain it for the purpose of defendant’s accounting for the work and labor of complainant’s negroes. Defendant having denied the existence of a co-partnership, and there being no proof of it, the complainant is not entitled to an account for the profits of the brick-yard.- Defendant having also denied the purchase of the negroes at sheriff’s sale in trust for complainant, and it having been fully proved by Mr. Ford that the sale was a fair one; that he thought and believed defendant was bidding for himself, and that he never heard that he was buying for any one else ; and Turner, a deputy sheriff, swearing that defendant absolutely refused Mrs. Askew’s request to buy them in for her husband, but said that he would purchase them for himself; and the bill of sale from the sheriff to defendant, being in the common form, he cannot be considered in any other light than as the absolute proprietor of the negroes : but as he admits complainant had some other negroes working at the brickyard *148 for a certain time, it must be referred to the master to ascertain how many there were, and how long employed ^lere? an4 what will be a proper allowance to be made for their services during that period.
Moultrie, Desaüssuee and FoRD for complainants,
Pringle for defendant.